IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PATRICK VOELLMAR, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-1353 |
| ) | |
| I.M.S., INC., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Plaintiff, Patrick Voellmar, filed this action on November, 28, 2017, alleging violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") against Defendants I.M.S., Inc. and ITO El Paso. Dkt. No. 1. In his Complaint, Plaintiff alleged I.M.S., Inc. and ITO El Paso acted as joint employers, and therefore claims against both Defendants were appropriate.

On March 23, 2018, Defendant ITO El Paso moved to dismiss for failure to state a claim, arguing it was not a joint employer with Defendant I.M.S., Inc., and that it employs fewer than ten people, preventing it from being a statutory employer under both the ADA and the FMLA. This Court heard oral argument in the matter on May 11, 2018, and ordered a sixty-day period of limited discovery on the issue of joint employment.

The parties conducted discovery and this action is presently before the Court on ITO El Paso's renewed motion to dismiss for failure to state a claim. Dkt. No. 30. For the reasons set out below, Defendant's motion to dismiss is denied.

### I. Background

1

Defendant ITO El Paso is a German moving company that specializes in moves for German government personnel and contracts with the Department of Defense. Plaintiff, Patrick Voellmar, is a German citizen who has lived and worked in the United States since 2007. Plaintiff claims he was jointly employed by Defendant ITO El Paso and Defendant I.M.S., Inc. ITO El Paso maintains that Plaintiff is only employed by I.M.S., Inc., a separate company from ITO El Paso and a company ITO El Paso has no control over.

Indeed, I.M.S., Inc. hired and ultimately fired Plaintiff, and Plaintiff worked in I.M.S., Inc.'s Alexandria office alongside I.M.S., Inc. employees. However, Plaintiff undoubtedly had ties to ITO El Paso.

ITO El Paso sponsored Plaintiff's visa to work in the United States and was listed as the employer on the visa application. Dkt. No. 33, Ex. 9. On a replacement visa application Plaintiff submitted in 2015, ITO El Paso was called ITO's "general agent for the USA" which had a "branch office" in Alexandria, Virginia. *Id.* In this application, under the box asking the applicant to list "present position and duties," Plaintiff stated, "[a]lready working for ITO in Alexandria, VA Washington D.C. under E-1 visa since 8/23/2014. Passport with visa was stohlen. [sic]" *Id.* This form was signed by the President of ITO Germany. *Id.*

Further, ITO El Paso was the employer listed on Plaintiff's W-2 forms and I-9 forms, *id.*, and it reported Plaintiff as an employee to the Texas Workforce Commission's Unemployment Tax Services. *Id.* Plaintiff signed an arbitration agreement on ITO letterhead. *Id.* Thomas Lampe, ITO El Paso's Vice President, co-signed on the "employer" blank. *Id.* Plaintiff also signed a form acknowledging that ITO El Paso does not provide worker's compensation insurance. *Id.* Plaintiff signed on employee line. *Id.* On workplace line someone filled in "ITO Washington." *Id.*

In addition, ITO El Paso paid Plaintiff. Each month, I.M.S., Inc. would inform ITO El

Paso what Plaintiff's earnings for the month were, and then ITO El Paso would issue a check. *See* Dkt. No. 33, Ex. 5. ITO El Paso emphasized that it only paid Plaintiff based on what I.M.S., Inc. employees instructed it to pay Plaintiff and claimed it was reimbursed by I.M.S., Inc. for Plaintiff's salary.

Moreover, ITO El Paso made representations to Plaintiff that it was Plaintiff's employer. In Plaintiff's affidavit he asserts, "Mr. Lampe stated that I was an ITO employee on loan to IMS and if Mr. Harrington decided he no longer needed Plaintiff, he (Mr. Harrington) could send me to another ITO location." Dkt. No. 33, Ex. 8. Following Plaintiff filing a complaint with the EEOC, Mr. Lampe emailed Plaintiff and said "I am completely shocked about your message that the employees of IMS Inc. our agent discriminate against you. I am also surprised that you contacted a lawyer right away and complained to the EEOC. At no time did you contacted [sic] me or ITO El Paso regarding this matter which I actually expect as your employer." Dkt. No. 33, Ex. 5. Mr. Lampe went on to say, "[w]e ITO take your claim absolutely serious and I would like to meet with you for a personal meeting to get to the root of the problem. I would like to meet with you in the first week of February." *Id.*

Following this meeting, Mr. Lampe remained in contact with Plaintiff, serving as the point person for communications regarding the accommodations being made. *See* Dkt. No. 31, Ex. 2. On February 3, 2017, Mr. Lampe emailed Plaintiff saying, "Both ITO El Paso and IMS are trying our best to make any necessary corrections and assist you in any way we can . . . . For future correspondence in regards to the harassment and your need for accommodations I ask you to communicate with Sang, George,[1] and myself only – please address your Emails always only to the three of us. This subject matter as well as any HR related issues are only between you,

---

[1] Sang and George are I.M.S., Inc. employees.

3

your supervisor, and management." *Id.* Mr. Lampe closed his email by saying, "Please make sure that you contact me immediately if any other issues arise." *Id.*[2]

Plaintiff brings FMLA and ADA claims against Defendants, alleging he was harassed at work because of his PTSD and that reasonable accommodations were not made for him. ITO El Paso has moved to dismiss Plaintiff's claim against it by claiming I.M.S., Inc. and ITO El Paso are not joint employers. If I.M.S., Inc. and ITO El Paso are not joint employers, ITO El Paso does not have enough employees to meet the threshold number of employees required under the FMLA and ADA.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir.

---

[2] Five days later, on February 8, 2017, Mr. Lampe seems to attempt to distance himself from I.M.S., Inc., writing in an email, "I discussed your requests for accommodations with IMS. ITO does not own IMS nor do we have any control over them. I have discovered, that IMS can provide the following accommodations:" Dkt. No. 31, Ex. 2.

4

2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

### III. Analysis

The provisions of both the ADA and the FMLA only apply to "statutory employers." Under the ADA, a statutory employer must have fifteen or more employees. 42 U.S.C. § 12111(5)(a). Under the FMLA, a statutory employer must have at least fifty employees at the plaintiff's worksite. 29 U.S.C. § 2611(B)(ii). If the employer has fewer than fifty employees at the plaintiff's worksite it will still be bound by the FMLA if the employer employs at least fifty people within seventy-five miles of plaintiff's worksite. *Id.*

Under the joint employment doctrine courts will sometimes allow the plaintiff to aggregate the total number of employees employed by multiple employers in order to meet statutory requirements for discrimination claims. Joint employment is appropriate when more than one entity can be considered the plaintiff's employer. The Fourth Circuit has recognized joint employer liability in Title VII claims. *Butler v. Drive Auto. Indus. of America, Inc.*, 793 F. 3d 404, 409 (4th Cir. 2015) ("The joint employment doctrine is wholly consistent with our precedent. We have repeatedly used the joint employment doctrine in cases involving analogous statutes to resolve similar difficulties in defining 'employer' and 'employee.'"). "The joint employment doctrine . . . prevents those who effectively employ a worker from evading liability by hiding behind another entity." *Id.* at 410.

The Fourth Circuit has adopted a nine-factor test to be applied in determining joint employment. Courts should consider:

> (1) authority to hire and fire the individual;
> (2) day-to-day supervision of the individual, including employee discipline;
> (3) whether the putative employer furnishes the equipment used and the place of work;
> (4) possession of and responsibility over the individual's employment records, including

payroll, insurance, and taxes;
(5) the length of time during which the individual has worked for the putative employer;
(6) whether the putative employer provides the individual with formal or informal training;
(7) whether the individual's duties are akin to a regular employee's duties;
(8) whether the individual is assigned solely to the putative employer; and
(9) whether the individual and putative employer intended to enter into an employment relationship

*Id.* at 414. None of the factors are dispositive. *Id.* "[T]he common-law element of control remains the 'principal guidepost.'" *Id.* The first three factors are the most important to the analysis but "the consideration of factors must relate to the particular relationship under consideration." *Id.* 414-15 (quoting *Cilecek v. Inova Health Sys. Servs.*, 115 F. 3d 256, 260 (4th Cir. 1997)).

Here, ITO El Paso argues that it cannot be deemed a joint employer with I.M.S., Inc. because the three factors the Fourth Circuit has deemed most important cut in its favor. First, I.M.S., Inc. both hired and fired Plaintiff. Second, ITO El Paso did not supervise Plaintiff on a day-to-day basis since Plaintiff was based in I.M.S., Inc.'s office and was subject to the control of I.M.S., Inc. employees in that office. Third, as Plaintiff was based in the I.M.S., Inc. office, ITO El Paso did not furnish the equipment Plaintiff used nor his place of work.

Despite the importance of the first three factors, "the common-law element of control remains the 'principal guidepost.'" *Id.* at 414. Here, ITO El Paso sponsored Plaintiff's visa application and claimed Plaintiff as an employee on multiple state and federal reporting forms over a number of years. ITO El Paso paid Plaintiff's salary. Plaintiff signed an arbitration agreement with ITO El Paso and an acknowledgement that ITO El Paso did not offer worker's compensation insurance. Finally, ITO El Paso's Vice President – after expressing dismay that Plaintiff did not come to him before filing the complaint with the EEOC, "which I actually expect as your employer" – spearheaded I.M.S., Inc. and ITO El Paso's response to Plaintiff's

6

EEOC complaint. These are not the actions of a disinterested third party. These are the actions of an employer that retains a significant amount of control over its employee.

Taking all of Plaintiff's factual allegations as true, and drawing all reasonable inferences in his favor, it is clear Plaintiff has sufficiently pled that I.M.S., Inc. and ITO El Paso are joint employers for the purposes of Plaintiff's ADA and FMLA claims. Therefore, ITO El Paso's motion to dismiss is denied.

### IV. Conclusion

For the reasons stated and for good cause shown, ITO El Paso's motion to dismiss for failure to state a claim is denied. A separate Order shall issue.

/s/ Liam O'Grady
Liam O'Grady
United States District Judge

September 18, 2018
Alexandria, Virginia